IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DUSTIN KITTLE, | ) |
|     *Plaintiff*, | ) |
| v. | ) Case No.: 1:24-cv-00025 |
| JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, | ) CHIEF JUDGE CAMPBELL<br>) MAGISTRATE JUDGE HOLMES |
|     *Defendant*. | ) |

## **MOTION TO DISMISS**

The defendant, Joseph R. Biden, Jr., in his official capacity as President of the United States of America ("the President"), pursuant to Fed. R. Civ. P. 12(b)(1) and (6), moves this Court to dismiss the Plaintiff's First Amended Complaint (D.E. 14) for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. In the alternative, the President requests that venue be transferred pursuant to 28 U.S.C. § 1404(a). As grounds, the United States respectfully submits:

In this action the plaintiff, Dustin Kittle ("Plaintiff"), seeks injunctive, declaratory and mandamus relief requiring the President to appoint two new members to the Farm Credit Administration board. However, for the reasons stated herein and as more thoroughly discussed in the supporting memorandum filed herewith, the Plaintiff's claims should be dismissed.

First, this Court is generally without jurisdiction to enjoin or enter a declaratory judgment against the President. *Newdow v. Roberts*, 603 F.3d 1002, 1013 (D.C. Cir. 2010) (citations omitted); *see also, Franklin v. Massachusetts*, 505 U.S. 788, 802–03 (1992). The Court, therefore, lacks subject-matter jurisdiction to entertain this case. Even if the Court had such power, the

Plaintiff's Complaint does not articulate sufficient grounds upon which the Court should grant extraordinary relief to the Plaintiff. As a result, these claims must be dismissed.

Along these same lines, while certain ministerial acts may be the subject of a mandamus writ, discretionary acts - like appointments - cannot be compelled by the Court. As this Court has observed, "[m]andamus relief is a 'drastic' remedy, 'to be invoked only in extraordinary situations,'" which does not include situations involving discretionary acts. *Gratton v. Cochran.*, 2021 WL 3603789, at *3 (M.D. Tenn. Aug. 13, 2021), *aff'd sub nom. Gratton v. Wildasin*, 2022 WL 3969833 (6th Cir. June 22, 2022). Indeed, the President's decision on appointments are a matter of discretion, and consequently, are not subject to review by the Court*. Dysart v. United States,* 369 F.3d 1303, 1317 (Fed. Cir. 2004). Further, the Plaintiff's Complaint does not articulate sufficient grounds that would otherwise merit drastic relief, and there is no clear duty owed to the Plaintiff by the President with respect to the appointments at issue. The Plaintiff's claim for a writ of mandamus should, accordingly, be dismissed.

Second, the Plaintiff's pleadings fail to demonstrate standing to bring the claims lodged and the relief requested is disjoined from the injury the Plaintiff alleges. To establish standing, the Plaintiff must show "(1) an injury in fact (2) that is traceable to the defendant 's conduct and (3) that the courts can redress." *Taylor v. Byers*, No. 3:22-cv-00689, 2023 WL 6393174, at *2 (M.D. Tenn. Sept. 29, 2023) (citing *Gerber v. Herskovitz*, 14 F.4th 500, 505 (6th Cir. 2021)). Although the Complaint provides a thorough sampling of complaints about the federal farm credit system's alleged mismanagement, the Plaintiff has not articulated an injury he has sustained from any conduct directly traceable to the President, nor any particularized injury that can be cured by any relief requested of the Court. In many respects, the Plaintiff's lawsuit is not premised on a particular injury experienced by the Plaintiff, but rather an attempt at forcing a desired political

2

Case 1:24-cv-00025   Document 16   Filed 06/25/24   Page 2 of 4 PageID #: 482

action by the President. As such, the Plaintiff's case does not present a controversy for which this Court can fashion a remedy.

Third, to the extent any of the Plaintiffs' claims are viable at this stage, this litigation concerns the Plaintiff's interests in Alabama Farm Credit and past litigation and alleged abuses of that entity the Northern District of Alabama. Although the Plaintiff's residency in the Middle District of Tennessee establishes venue in this Court pursuant to 28 U.S.C. § 1391(e)(1)(C), this Court has broad discretion to dismiss or transfer cases that are better situated in other districts. *Intermed Res. Tn, LLC v. Camber Spine, LLC*, 2023 WL 8284371, at *1 (M.D. Tenn. Nov. 30, 2023). As it concerns factual allegations specific to the Plaintiff's injuries arising from the alleged, general mismanagement of the United States' farm credit system, the Plaintiff's claims relate to events in Alabama, not Tennessee. Although the Plaintiff seems to attempt to mitigate this with his amended pleading by establishing that he experienced alleged losses in Tennessee, the gravamen of his grievances concern events and litigation in Alabama. By extension, all relevant fact witnesses or other information concerning the Plaintiff's interactions with the farm credit system are in Alabama. As such, the case should be dismissed or transferred in favor of adjudication in the Northern District of Alabama, not the Middle District of Tennessee.

For the foregoing reasons, the United States respectfully requests that the Court dismiss the Plaintiff's Complaint or, alternatively, transfer venue to the Northern District of Alabama.

A memorandum in support of this Motion is filed herewith pursuant to Local Rule 7.03.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee


By: s/ J. Matthew Blackburn
J. MATTHEW BLACKBURN, B.P.R. # 027105
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203
Telephone: (615) 736-5151
Email: matt.blackburn@usdoj.gov
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2024, a copy of the foregoing was filed electronically. A copy will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, a copy was sent by United States First Class Mail, postage prepaid, to the following:

Ashley M. Posey
HUMBLE LAW, LLC
2310 Sante Fe Pike
Columbia, TN 38401


s/ J. Matthew Blackburn
J. MATTHEW BLACKBURN
Assistant United States Attorney