# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

|  |  |  |
|---|---|---|
| **DUSTIN J. KITTLE** | ) | |
|  | ) | |
| **Plaintiff,** | ) | |
|  | ) | |
| **v.** | ) | **NO. 1:24-cv-00025** |
|  | ) | |
|  | ) | **CHIEF JUDGE CAMPBELL** |
| **JOSEPH R. BIDEN, JR., in his official** | ) | **MAGISTRATE JUDGE HOLMES** |
| **capacity as President of the United** | ) | |
| **States, et al.** | ) | |
|  | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff Dustin J. Kittle commenced this action on March 22, 2024, against Joseph R. Biden Jr., in his official capacity as President of the United States. (Doc. No. 1). The President moved to dismiss the Complaint. (Doc. No. 11). On June 11, 2024, Plaintiff filed a First Amended Complaint (Doc. No. 14), which the President also moved to dismiss. (Doc. No. 16). Plaintiff then filed a Second Amended Complaint, renewing allegations against President Biden and adding additional claims against the Farm Credit Administration ("FCA") and two FCA officials (the "FCA Defendants"). (Doc. No. 18). Before the Court is the President's Motion to Strike Second Amended Complaint, which is fully briefed. (Doc. Nos. 23, 24, 26). For the reasons stated herein the Motion to Strike (Doc. No. 23) will be **DENIED**.

Federal Rule of Civil Procedure 15 permits amendments once as a matter of course within 21 days of filing, or if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading or motion to dismiss. Beyond this time, a party may amend the pleadings only with written consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). Leave to amend a complaint should be freely permitted "when justice so requires." *Id.*

But, leave to amend should be denied if the Court finds factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendments, or futility of amendment. *Brumbalough v. Camelot Care Ctrs., Inc*., 427 F.3d 996, 1001 (6th Cir. 2005). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6) and the Sixth Circuit has made clear that any analysis of the futility of proposed amendments is equivalent to that undertaken in consideration of a Rule 12(b)(6) motion. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). In connection with a motion to amend, the "Court's role is to evaluate only whether the futility of an amendment is so obvious that it should be disallowed." *Oro Capital Advisors, LLC v. Borro Const. Co., LLC.* Nos. 2:19-cv-5087, 2:20-cv-4894, 2022 WL 3026862, at *10 (S.D. Ohio Aug. 1, 2022) (internal citations omitted).

The President argues Plaintiff's Second Amended Complaint should be struck because Plaintiff has already amended the Complaint once, he does not have consent of the opposing party, and did not seek leave of court to file an amended complaint. In addition to procedural error, the President argues leave to amend should be denied because the proposed amendments are futile.

Plaintiff does not dispute that Second Amended Complaint was not filed in compliance with Fed. R. Civ. P. 15(a), but argues that the motion to strike should be denied because leave to amend should be 'freely given when justice so requires." Plaintiff contends he has met this standard. He states that the Second Amended Complaint adds allegations that address issues raised in the Motion to Dismiss and does not pose undue prejudice to the President because it asserts no new causes of action against him. Plaintiff contends the new claims against the FCA Defendants

for violation of the Administrative Procedure Act were only possible following the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (June 28, 2024).

In reply, the President asserts that the filing of the Second Amended Complaint is prejudicial because Defendant has already filed and briefed two motions to dismiss, and amendment would require a third. The President also challenges Plaintiff's motivation for filing another amended complaint, noting that that Plaintiff has indicated an intent to draw out the litigation as long as possible and to "make this as difficult on [counsel] and the president as we possibly can." (*See* Doc. No. 26 at 2-3 (citing a voicemail to counsel from Plaintiff on July 10, 2024, and statements by Plaintiff in a podcast aired the same day)).

As an initial matter, the Court is troubled by Plaintiff's communications directly to the Assistant United States Attorney. Not only is the Court concerned with the propriety of Plaintiff initiating contact directly with the Assistant United States Attorney rather than proceeding through counsel, but also with the substance of the communication – specifically, the suggestion that Plaintiff intends to conduct this litigation in a manner that will intentionally waste the resources of Defendants and the Court. Litigation tactics evidencing delay or bad faith will not be tolerated and will result in sanctions. The Court reminds litigants of their obligation to respect the Court's time and resources. Ultimately, this obligation is not "about the court itself; it is about the court's obligation to all litigants." *See Occio v. Smiledirectclub, LLC*, No. 3:19-cv-00845, 2021 WL 3291787, at *3 (M.D, Tenn. Aug. 2, 2021).

Concerning the Second Amended Complaint, the Court finds that the claims are not so obviously futile that amendment should be disallowed. At this juncture, it is not in the interest of judicial economy to conduct a full futility analysis. Given the early stage of the litigation and the recent change in the legal landscape, the Court will allow Plaintiff to file the Second Amended

Complaint. In the future, Plaintiff shall comply with the Federal Rules of Civil Procedure. Any future efforts to amend that are not in compliance with the Federal Rules of Civil Procedure and the Local Rules will be stricken.

For the reasons stated, the Motion to Strike Second Amended Complaint (Doc. No. 23) is **DENIED**. The President's Motion to Dismiss (Doc. No. 16), which relates to the First Amended Complaint is **MOOT**. The deadline for the President to respond to the Second Amended Complains is **STAYED** pending service of the remaining defendants. Following completion of service on all remaining defendants, all defendants shall have 60 days to respond to the Second Amended Complaint.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE