IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DUSTIN J. KITTLE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No.: 1:24-cv-00025 ) JUDGE CAMPBELL ) MAGISTRATE JUDGE HOLMES |
| JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, the FARM CREDIT ADMNISTRATION, a federal agency, VINCENT G. LOGAN, as Chairman of the Farm Credit Administration, and WENDY R. LAGUARDA, as Inspector General of the Farm Credit Administration | ) ) ) ) ) ) ) ) ) |
| Defendant. | ) |

## INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1343, and 1361 as well as 5 U.S.C. § 702.

B. BRIEF THEORIES OF THE PARTIES:

For Plaintiff: Plaintiff argues the President has unlawfully failed and is unlawfully failing to make appointments to the Board of the Farm Credit Administration as required under 12 U.S.C. § 2242. Two of the three Board Members are in holdover status. Board Member Jeffery Hall has become the first Board Member to succeed himself in the agency's 108-year history and in violation of 12 U.S.C. § 2242(b). Additionally, the President's failure to make the appointments has also resulted in the following during his term in Office: (a) the longest period in agency history with a two Member Board at forty (40) months; (b) the longest-serving Board Member in agency history at nine (9) years; and (c) the longest time period for issuing a final response to a farmer-

borrower complaint in agency history at six hundred and fifty-seven (657) days – all in violation of federal law, rule, and/or regulation.

Plaintiff argues the President's failure to make appointments to the two expired terms violates 12 U.S.C. § 2242 and, as a result, the President is in violation of U.S. Const. art. II, § 3. Accordingly, the Plaintiff seeks: (a) a declaration that the President is in violation of 12 U.S.C. § 2242, (b) injunctive relief or mandamus relief, ordering Defendant to make the appointments, and (c) an award of Plaintiff's attorneys fees and costs.

The Plaintiff contends this failure to appoint is resulting in a dysfunctional Farm Credit Administration with a defunct Board who cannot adequately ensure the Farm Credit System's borrowers' rights are timely and properly enforced. Plaintiff's specific harm includes, for example, the Farm Credit Administration taking 657 days to issue a final response on his borrower complaint despite agency policy dictating it should have been issued within 30-60 days of receipt. The 657-day delay meant that, while the Farm Credit Administration ultimately confirmed numerous violations of law and agency regulations by the Plaintiff's lender, he had to pay-off his loans nearly twenty (20) years early to avoid losing his farm to the wrongfully threatened foreclosure, despite never missing a loan payment. To do so, Plaintiff was forced: to sell land, livestock, equipment, assets, etc.; to lay-off employees; to liquidate savings and retirement; to borrow from family and friends; to borrow funds at significantly less favorable terms; and was wrongfully divested of his Class A Voting Stock in the Farm Credit System while awaiting the agency's final response.

Administrative action by the agency was the Plaintiff's only available recourse in light of current legal precedent saying there is no private cause of action for borrowers under the Farm Credit Act. However, after issuing the Plaintiff a final response 657 days later, the agency said it

would be taking no action in regard to the borrower complaint as Plaintiff had paid off his loans and was no longer a current borrower in the Farm Credit System.

As a result, Plaintiff also brings claims against the Farm Credit Administration, its Board Chairman, and its Inspector General under the Administrative Procedures Act for: 1) the failure of the Agency to promulgate rules, regulations, policies, and/or procedures for agency action or review of borrower complaints for violation(s) of rights under the Farm Credit Act and/or Equal Credit Opportunity Act; 2) failing to provide a final response to the Plaintiff's borrower complaint within a reasonable amount of time; and 3) unlawfully withholding its enforcement authority after determining Plaintiff suffered a violation of his rights under the Farm Credit Act and Equal Credit Opportunity Act. Accordingly, the Plaintiff seeks: (a) declaratory relief holding the agency's action(s) and/or inaction(s) unlawful; and (b) an order directing these Defendants to provide appropriate remedial action, including making its enforcement authorities available to the Plaintiff.

For Defendants: This is an action for declaratory, injunctive, and mandamus relief against Defendant President Biden ("the President") for failure make appointments to the Farm Credit Administration Board. The President denies that the failure to make such appointments is in violation of any law, and the President denies that Plaintiff is entitled to any of the relief sought. This is also an action against Defendants Farm Credit Administration ("FCA"), its Board Chairman, and its Inspector General (collectively the "Agency Defendants") under the Administrative Procedures Act for declaratory relief regarding FCA's actions or inactions as well as for certain orders requiring Agency Defendants to provide Plaintiff relief via enforcement authorities and requiring Agency Defendants to promulgate additional rules and regulations regarding handling of borrower complaints. The Agency Defendants' actions with regard to the

Plaintiff were taken in accordance with all applicable laws, and Agency Defendants deny that Plaintiff is entitled to any of the relief sought.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **November 6, 2024**.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.05. Approximately fourteen (14) days after the conclusion of fact discovery, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **August 15, 2025**. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than **July 15, 2025**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the judge presiding over case management by a request for a

discovery conference. It will be within that judge's discretion whether to allow for the filing of discovery-related motions. All discovery disputes shall be brought to the Court's attention no later than **August 8, 2025**. In connection with any discovery conference or discovery motion, the Court may require the parties to file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is filed and is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01 but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than **December 31, 2024**. Any motion to amend must be accompanied by the proposed amended pleading, which shall be appended as an exhibit to the motion. Prior to filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether or not the motion is opposed.

I. DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **October 17, 2025**. The defendant shall identify and disclose all expert witnesses and reports on or before **December 17, 2025**. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not

limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **February 20, 2026.**

J. SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held telephonically on **September 17, 2025**, at 10:00 a.m. to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and any other appropriate matters. Plaintiff's counsel shall initiate the call.

K. DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case before the filing of dispositive motions. Dispositive motions shall be filed by no later than **April 17, 2026**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court. Before filing a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed material facts."

L. ELECTRONIC DISCOVERY. The parties have reached an agreement on how to conduct electronic discovery. Administrative Order No.174-1 therefore need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and, within fourteen days of the initial case management conference, either: (1) be filed as a stipulation of agreed-upon electronic discovery procedures; or (2) if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval.

M. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS.

Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of

Administrative Order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rules 5.03 and 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The bench trial of this action is expected to last approximately five days. A trial date no earlier than **August 18, 2026,** is respectfully requested.[1]

It is so ORDERED.

                                                                    _____
                                                                    WILLIAM L. CAMPBELL, JR.
                                                                    Chief United States District Judge

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed only if all parties consent to final disposition by the Magistrate Judge.

APPROVED FOR ENTRY:

s/ Ashley Meade Posey (w/permission)
Ashley Meade Posey
Humble Law, LLC
2310 Santa Fe Pike
Columbia, TN 38401
ashley@humble.law
*Attorney for Plaintiff*


THOMAS J. JAWORSKI
Acting United States Attorney
Middle District of Tennessee

s/ Kimberly S. Veirs
KIMBERLY S. VEIRS, B.P.R. #034811
Assistant United States Attorney
United States Attorney's Office
719 Church Street, Suite 3300
Nashville, TN  37203
Telephone: (615) 736-5151
Email:  kimberly.veirs@usdoj.gov
*Attorney For Defendants*